<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

_____

RODNEY JACKSON, et al.,

        Plaintiffs,

v.

NEW JERSEY DEPARTMENT OF
CORRECTIONS, et al.,

        Defendants.
_____

Case No. 3:19-cv-17943(BRM)(ZNQ)

**OPINION**

**MARTINOTTI, DISTRICT JUDGE**

    Before this Court is Plaintiffs Rodney Jackson (hereinafter "Mr. Jackson") and his wife Cynthia Jackson (hereinafter "Mrs. Jackson") counseled complaint which has been removed from state court alleging claims pursuant to 42 U.S.C. § 1983 as well as state law tort claims. Presently pending is Defendants the New Jersey Department of Corrections ("DOC") and the Northern State Prison's ("NSP") (collectively hereinafter the "Moving Defendants") motion to dismiss the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Having reviewed the submissions filed in connection with the motion and having declined to hold oral argument pursuant to Fed. R. Civ. P. 78(b), for the reasons set forth below and for good cause appearing, the motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**.

    **I.**    **FACTUAL AND PROCEDURAL BACKGROUND**

    For the purposes of this Motion to Dismiss, the Court accepts the factual allegations in the Complaint as true and draws all inferences in the light most favorable to Plaintiff. *See Phillips v.*

*Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). Furthermore, the Court considers any "document *integral to or explicitly relied upon* in the complaint." *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting *Shaw v. Dig. Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)).

The circumstances giving rise to this complaint occurred while Mr. Jackson was incarcerated at the NSP in Newark, New Jersey. (*See* ECF 1-1 at 3.) Mr. Jackson was injured in the yard of NSP on August 1, 2017. (*See id.*) He was taken to the infirmary where a clinical diagnosis indicated a ruptured Achilles tendon. (*See id.*) Mr. Jackson was advised he should get an immediate MRI and/or be referred for immediate surgery depending on the results of the MRI. (*See id.*)

Mr. Jackson attempted numerous times to bring to the attention of NSP and DOC personnel that he needed immediate emergency medical care. (*See id.* at 4.) Mr. Jackson ultimately received an MRI in October 2017. (*See id.*) The MRI revealed a "high grade partial-thickness tear at the critical zone." (*Id.*)

On October 24, 2017, Mr. Jackson was referred for surgery. (*See id.*) The complaint alleges as a result of the delay in surgery, it was far more difficult and complex. (*See id.*) Furthermore, Mr. Jackson is now permanently disabled and injured. (*See id.*) The complaint states he would not have suffered from these conditions had his injury been promptly addressed. (*See id.*)

In July 2019, Plaintiffs initially brought suit in state court. The complaint named the Moving Defendants as well as George Robinson – Administrator of NSP[1] and Jane/John Does. The complaint raised four counts: (1) negligence; (2) Eighth Amendment violations under 42 U.S.C. § 1983; (3) loss of consortium being brought by Mrs. Jackson; and (4) employees/agents

---

[1] George Robinson has not appeared in this action.

of NSP and the DOC are liable for the same as listed above. Plaintiffs seek monetary damages as relief.

This matter was removed from state court in September 2019. (*See* ECF 1). On October 31, 2019, Moving Defendants filed a motion to dismiss the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (*See* ECF 8.) Moving Defendants make three arguments in their motion to dismiss, namely:

1. Plaintiffs' § 1983 claims against the Moving Defendants must be dismissed because Moving Defendants are not "persons" amenable to suit under § 1983.

2. Plaintiffs' state law tort claims against the Moving Defendants must be dismissed because Plaintiffs did not strictly or substantially comply with the New Jersey Tort Claims Act ("NJTCA").

3. Plaintiffs fail to state a claim upon which relief may be granted against the Moving Defendants.

Plaintiffs filed a response in opposition to Moving Defendants' motion to dismiss. (*See* ECF 12.) Moving Defendants then filed a reply in support of their motion. (*See* ECF 13.)

**II.    LEGAL STANDARD**

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." *Phillips*, 515 F.3d at 228. "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). However, the plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.*

(citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* This "plausibility standard" requires that the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is 'not akin to a probability requirement.'" *Id.* (quoting *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not required, but "more than an unadorned, the defendant-harmed-me accusation" must be pleaded; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555, 557).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). However, courts are "not compelled to accept 'unsupported conclusions and unwarranted inferences,'" *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (quoting *Schuylkill Energy Res. Inc. v. Pa. Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997)), nor "a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286.

While, as a general rule, the court may not consider anything beyond the four corners of the complaint on a motion to dismiss pursuant to Rule 12(b)(6), the Third Circuit has held that "a court may consider certain narrowly defined types of material without converting the motion to dismiss [to one for summary judgment pursuant to Rule 56]." *In re Rockefeller Ctr. Props. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999). Specifically, courts may consider any "'document *integral to or explicitly relied upon* in the complaint.'" *Burlington Coat Factory*, 114 F.3d at 1426 (quoting *Shaw*, 82 F.3d at 1220).

## III. DECISION

### A. Section 1983 Claims

Moving Defendants argue Plaintiffs' 42 U.S.C. § 1983 claims against them should be dismissed because they are not "persons" as defined by the statute. A plaintiff may have a cause of action under § 1983 for certain violations of constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Therefore, to state a claim for relief under § 1983, a plaintiff must allege first, the violation of a right secured by the Constitution or laws of the United States. Second, a plaintiff must allege the deprivation was committed or caused by a person acting under color of state law. *See Harvey v.*

5

*Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

The NSP and the DOC are not "persons" subject to § 1983 monetary liability. *See Foye v. Wexford Health Sources, Inc.*, 675 F. App'x 210, 215 (3d Cir. 2017) (finding District Court properly dismissed § 1983 claims against state prison and state department of corrections because they are not persons subject to suit under § 1983) (citations omitted). Accordingly, Plaintiffs' § 1983 claims against the Moving Defendants are dismissed with prejudice.

### B. State Law Claims – Failure to Comply with Tort Claims Act

Moving Defendants next argue Plaintiffs state law claims against them should be dismissed because Plaintiffs failed to either strictly or substantially comply with NJTCA.

The NJTCA "'establishes the procedures by which claims [against public entities and public employees] may be brought,' including a mandatory pre-suit notification of the claim." *Rogers v. Cape May Cty. Office of Pub. Def.*, 31 A.3d 934, 937 (N.J. 2011) (quoting *Beauchamp v. Amedio*, 751 A.2d 1047 (N.J. 2000)). "The *claimant shall be forever barred* from recovering against a public entity or public employee *if . . . the claimant failed to file the claim with the public entity within 90 days of accrual* of the claim." N.J. Stat. Ann. § 59:8-8 (emphasis added).

The complaint does not reference nor attach any pre-suit notification of Plaintiffs state law tort claims. Nevertheless, Moving Defendants attach to their motion to dismiss a pre-suit notice of tort claim dated October 6, 2017. (*See* ECF 8-2 at 2-3). Moving Defendants argue this notice of tort claim does not comply with the NJTCA, "because the notice itself is irrelevant to the subject matter of this Complaint. The Notice pertains to Plaintiff's slip and fall, not his subsequent medical care that is at issue in this Complaint." (ECF 8 at 16).

Moving Defendants seek to have this Court analyze a document (the October 6, 2017 notice of tort claim) neither referenced nor attached to the complaint to determine whether Plaintiffs have substantially complied with the NJTCA. However, this Court finds such inquiry is improper at the motion to dismiss stage as the argument requires this Court to analyze items beyond the complaint itself to reach a supposed legal conclusion. Therefore, this Court declines to dismiss Plaintiffs' state law tort claims against the Moving Defendants based on a purported failure to comply with the NJTCA.

### C. Failure to State a Claim

Moving Defendants finally argue Plaintiffs have failed to state a tort claim with the requisite facial plausibility.[2] The elements of negligence under New Jersey law are as follows: (1) the defendant owed a duty of care to the plaintiff, (2) the defendant breached that duty, (3) the defendant's breach caused the plaintiff's injuries, and (4) the plaintiff suffered damages. *See generally Natale v. Camden County Correctional Facility*, 318 F.3d 575, 579 n.3 (3d Cir. 2003); *Weinberg v. Dinger*, 524 A.2d 366, 373-74 (N.J. 1987). Applying these elements to the allegations in the complaint as detailed *supra*, the complaint alleges a negligence claim with facial plausibility. Accordingly, this Court declines to dismiss Plaintiff's state law tort claims against the Moving Defendants based on this argument as well.

---

[2] While Moving Defendants' mention Mrs. Jackson's loss of consortium claim within this section of their brief, they focus primarily on Plaintiff's negligence claim. This is not surprising though because a loss of consortium is "derivative and dependent on the degree of negligence of the spouse asserting the personal injury claims." *Tichenor v. Santillo*, 527 A.2d 78, 82 (N.J. Sup. Ct. App. Div. 1987).

## IV. CONCLUSION

For the foregoing reasons, Moving Defendants' motion to dismiss is granted in part and denied in part. Plaintiffs' federal claims against the Moving Defendants are dismissed with prejudice for failure to state a claim. Plaintiffs state law claims against the Moving Defendants remain. An appropriate order will be entered.

DATED: June 29, 2020                                        */s/Brian R. Martinotti*
                                                                                 **BRIAN R. MARTINOTTI**
                                                                                 **UNITED STATES DISTRICT JUDGE**