## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| RODNEY JACKSON, et al., | : |
| Plaintiffs, | : Civ. No. 3:19-17943 (BRM) (ZNQ) |
| v. | : |
| NEW JERSEY DEPARTMENT OF CORRECTIONS, et al., | : **MEMORANDUM ORDER** |
| Defendants. | : |

**THIS MATTER** is before this Court on Plaintiffs' civil complaint removed from state court.

**IT APPEARING THAT:**

1. On June 29, 2020, the Court issued an opinion and order granting Defendants' motion to dismiss in part, and denying in part. (ECF Nos. 14-15.)

2. In light of the remaining claims solely consisting of alleged violations of New Jersey state law, this Court declines to exercise supplemental jurisdiction. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if- the district court has dismissed all claims over which it has original jurisdiction."). Therefore, the Court will remand the state law claims to the state court pursuant to 28 U.S.C.A. § 1441(c)(2). *See Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995) ("While § 1367(c) does not specify what disposition the district court is to make of state claims it decides not to hear, based on the teachings of *Carnegie-Mellon*, we believe that in a case that has been removed from a state court, a remand to that court is a viable alternative to a dismissal without prejudice.") (citations omitted).

Accordingly, for these reasons and for good cause appearing,

**IT IS** this 19th day of August 2020,

**ORDERED** that Plaintiff's state law claims are **REMANDED** to the Superior Court of New Jersey, Monmouth County; and it is further

**ORDERED** that the Clerk of the Court shall mark this case **CLOSED**.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**
